UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>OTKRITIE INTERNATIONAL INVESTMENT MANAGEMENTS LIMITED, a company incorporated in the British Virgin islands,<br><br>OTKRITIE SECURITIES LIMITED, a company incorporated in England and Wales, and<br><br>OTKRITIE FINANCIAL CORPORATION JSC, a company incorporated in the Russian Federation,<br><br>To Issue Subpoenas for the Production of Documents and Testimony for Use in a Foreign Proceeding. | Case No. 1:12-mc-00382-P1<br><br>**(Filed Electronically)** |

**MEMORANDUM OF LAW IN OPPOSITION OF SEVENTH APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND TESTIMONY FOR USE IN A FOREIGN PROCEEDING**

BGC FINANCIAL, L.P.
One Seaport Plaza, 199 Water Street
New York, New York 10038
(212) 610-3641
Michael A. Lampert
Kimberlee A. Malaska

*Attorneys for Respondents*
*BGC Financial, L.P.*

58604 v4

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.   PRELIMINARY STATEMENT ...............................................................................1

II.  STATEMENT OF FACTS..........................................................................................2

III. LEGAL ARGUMENT.................................................................................................2

      A.   The Application Should Be Denied Under the Supreme Court's Intel Factors..................................................................................................................2

           1.   The First and Second Intel Factors .................................................................3

           2.   The Third Intel Factor......................................................................................4

           3.   The Third Intel Factor......................................................................................6

IV.  CONCLUSION............................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

In re Application of Microsoft Corp., 428 F. Supp. 2d 188, 195-96 (S.D.N.Y. 2006) ................5, 6

In re Application of OOO Promnefstroy, Misc. No. M 19-99(RJS), 2009 WL 3335608
    (S.D.N.Y. Oct. 15, 2009) ................................................................................................3, 4, 6, 7

In re Servicio Pan Americano de Proteccion, 354 F. Supp. 2d 269, 275 (S.D.N.Y. 2004) ............6

Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004) .....................3, 4, 6, 7

Schmitz v. Berstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d Cir. 2004) .........................2, 3

Smoothline Ltd. v. No. American Trading Corp., No. 00 Civ. 2798 DLC, 84256, 2000
    WL 1015949 (S.D.N.Y. July 24, 2000) ....................................................................................7

**STATUTES**

28 U.S.C. § 1782 ............................................................................................................................2

BGC Financial, L.P. ("BGC")[1] respectfully submits this memorandum of law and accompanying Declaration of Kimberlee A. Malaska, Esq. ("Malaska Dec."), in opposition to the application of Otkritie International Investment Management Limited, Otkritie Securities Limited, and Otkritie Financial Corporation JSC (collectively "Otkritie" or "Applicants") for an order authorizing the Applicants to obtain discovery for use in a civil fraud action pending in the United Kingdom's High Court of Justice ("High Court"), Queen's Bench Division, captioned <u>Otkritie International Investment Management Limited et al. v. Urumov et al.</u>, 2011 Folio 1182 (the "UK Action").

## I. PRELIMINARY STATEMENT

Otkritie requested this information from BGC Brokers, L.P. ("BGC Brokers"), BGC's affiliate in the United Kingdom, and the High Court issued an order on July 13, 2012, in the proceeding captioned <u>Otkritie Securities Limited, Otkritie International Investment Management Limited, and Otkritie Financial Corporation JSC v. BGC Brokers L.P.</u>, 2012 Folio 462, directing BGC Brokers to produce certain information (the "UK Order").[2] The scope of the UK Order was much narrower than the scope of Applicant's requests there or here, and granting the application would circumvent the UK Order and contradict the purposes of the statute. Moreover, Otkritie's requests are burdensome and intrusive because they seek highly confidential information about BGC's customers who are not alleged to be related to the UK

---

[1] Although the supplication seeks discovery from BGC Financial Group, Inc., the proper BGCentity for the purposes of this proceeding is BGC Financial, L.P.

[2] Under United Kingdom procedures, discovery from non- party BGC Brokers for use in the UK Action required commencement of an additional action for disclosure against BGC Brokers; it could not be obtained in the UK action itself. The United Kingdom Procedures also required Otkritie to recite, as it does here, that BGC did not commit an actionable wrong.

Action or underlying alleged fraud. This Court should use its discretionary authority under 28 U.S.C. § 1782 to deny or materially limit Otkritie's application.

## II. STATEMENT OF FACTS

Applicants filed their application on November 19, 2012 ("Opening Brief"), and BGC received the documents the following day. Counsel conferred on or about November 26, 2012, and decided they would attempt negotiate the scope of the discovery requests in order to lessen the burden on BGC and align the requests with the information that BGC Brokers was required to provide under the UK Order. Despite good faith attempts during the next two weeks, BGC and Otkirite were unable to come to a resolution. BGC now submits this opposition according to the schedule described by Otkritie's counsel's letter to Judge Cedarbaum on December 3, 2012.

## III. LEGAL ARGUMENT

### A. The Application Should Be Denied Under the Supreme Court's Intel Factors.

Section 1782 of Title 28 of the United States Code, entitled "Assistance to Foreign and International Tribunals and to Litigants before such Tribunals," provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). A district court must engage in a two-step analysis when determining, in its discretion, whether to deny or grant a § 1782 discovery. First, a court must determine if the statute's three requirements are met. Schmitz v. Berstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d Cir. 2004) ("The statute authorizes district courts to grant such relief only where (1) the person from whom discovery is sought resides or is found in the district of the district court where the application is made; (2) the discovery is for use in a

proceeding before a foreign tribunal; and (3) the application is made by the foreign tribunal or 'any interested person.'")

If they are, the court should then turn to the Supreme Court's factors enumerated in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004), to determine if discovery should be had, and if so, to what extent. The factors include:

> (1) Whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid;
>
> (2) The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
>
> (3) Whether the § 1782 request conceals a[n] attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>
> (4) Whether the subpoena contains unduly intrusive or burdensome requests.

In re Application of OOO Promnefstroy, Misc. No. M 19-99(RJS), 2009 WL 3335608, at *5 (S.D.N.Y. Oct. 15, 2009) (denying application for discovery for use in the Netherlands). While a district court may order discovery at its discretion, "[t]his discretion . . . is not boundless," and should be exercised "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." Schmitz, 376 F.3d at 83-84. BGC does not dispute that the application satisfies the statutory requirements. Instead, the application should be denied because an analysis of the Intel factors, especially in light of the determination of the court in the judicial proceeding to be aided, demonstrates that the application does not serve the twin purposes of §1782.

1. **The First and Second Intel Factors**

Regarding the first Intel factor, BGC admits that the documents or testimony sought are not "within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid." Intel, 542 U.S. at 264. Applicants seek testimony and documents from BGC, a limited partnership located in New York that is not a party to the UK Action. (Malaska Dec. at ¶¶2-3.) The information Applicants seek may not be readily obtainable by the foreign tribunal or the parties in the case. In applying the second Intel factor, there is no reason to believe that the courts in the United Kingdom would not be receptive to U.S. judicial assistance. Id. at 542 U.S. at 264.

2. **The Third Intel Factor**

The application of the third Intel factor, however, weighs heavily in favor of BGC and denying the application. The third discretionary factor requires a district court to consider whether the section 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Id. at 265. "Under the third discretionary factor, district courts may consider how the applicant fared or is fairing [sic] in the foreign jurisdiction in its attempts to procure the same information it now seeks under § 1782." In re Application of OOO Promnefstroy, 2009 WL 3335608, at *8. The Applicants have already sought discovery from BGC Brokers in the United Kingdom for the Argentinean warrants at issue here, and the UK Order mandated the parameters of the document production. Despite the clear direction already provided, Applicants are asking this Court to circumvent the UK Order and provide them with more information than they were permitted to receive in the original proceeding.

First, the Applicants seek all documents concerning BGC's "brokering, dealing, sourcing, and/or trading" in Argentinean Warrants with ISIN number ARARGE03E147, ISIN number XS0209139244, and ISIN number ARARGE03E154 from January 1, 2010 through August 31, 2011. (See Exhibit 1 to Miller Decl., dated Nov. 19, 2012, Requests 1 - 4.) These requests are considerably broader than what Applicants were permitted to receive under the UK Order, which merely required BGC Brokers to provide a schedule of trades made by BGC Brokers in Argentinean Warrants with ISIN number ARARGE03E147 only, for the period from November 1, 2010 through August 31, 2011. By granting the application, this Court will require BGC to provide information regarding two additional sets of warrants for a period of time that is almost one year longer than that contemplated in the UK Order.

In addition, in relationship to supporting documentation, the UK Order only required BGC Brokers to produce Bloomberg messages, emails, letters, and documents including trade tickets and pricing research related to the trades set out in the schedule. It also required BGC Brokers to produce communications sent or received by broker David McCann during a set period of time, and containing references to a list of approximately thirteen (13) names or phrases. This is a much narrower universe of documents than the one intended in Applicants' request here. Concerning supporting documentation, the Applicants seek *all* documents related to the three sets of warrants, and the definition of "documents" in the subpoena is almost one page long. (See id. at 1.) As for communications, Applicants have not provided a set of search terms similar to the terms enumerated in the UK Order. Instead they seek *all* communications with *any* party related to BGC's "brokering, dealing, sourcing and/or trading" of Argentinean Warrants for the time period previously discussed. (See id., Requests 5 - 8.)

With this application, Otkritie is attempting to divest the High Court of its jurisdiction over this matter and replace a UK decision with one by this Court. When faced with a similar situation in In re Application of Microsoft Corp., 428 F. Supp. 2d 188, 195-96 (S.D.N.Y. 2006), the court explained the reasoning behind, and importance of, this factor:

> Moreover, a decision by this Court upholding Microsoft's discovery request would contravene the purpose of § 1782 by pitting this Court against the Commission, rather than fostering cooperation between them, and would violate established principles of comity, under which "United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries." In short, § 1782 was not intended- and Microsoft cannot invoke it as a vehicle to avoid or appeal an unfavorable discovery decision by the Commission.

In re Microsoft Corp., 428 F. Supp. 2d 188, 195-96 (S.D.N.Y. 2006) (internal citations omitted) (finding that Microsoft was trying to circumvent an order by the European Commission, along with the commission's rules, in order to obtain broader discovery than was previously provided). Applicants seek the same end-run around the UK Order with the instant application. Under Intel, this weighs against Applicants and should lead this Court to deny the application.

### 3. The Fourth Intel Factor

The application of the fourth Intel factor also weighs in favor of BGC, because the requests are burdensome and intrusive. Intel, 542 U.S. at 265 ("Also, unduly intrusive or burdensome requests may be rejected or trimmed.") While there are not an abundance of cases in this Circuit that address this issue in the context of a section 1782 application, those that grant an application tend to do so in situations where a request seeks only a single document, or documents related to a single transaction. See, e.g., In re Servicio Pan Americano de Proteccion, 354 F. Supp. 2d 269, 275 (S.D.N.Y. 2004) (granting application that sought only documents related to an insurer's insurance coverage for a single loss on a single day).

That is not at all the case here. Applicants have narrowed the allegedly fraudulent transactions to two, and have even determined the specific BGC trades related to those transactions. (See Opening Brief at 7, 9). Despite that, Applicants seek information about all of BGC's Argentinean Warrants transactions, for three different ISIN identifying numbers, for an 18-month period. This places an undue burden on BGC, which would be required to provide documentation and related communications for hundreds of trades. (Malaska Dec. at ¶4.) When faced with similarly broad subpoenas in previous circumstances, courts in this district have refused to grant the applications. See In re Application of OOO Promnefstroy, 2009 WL 33356068, at *7-8; Smoothline Ltd. v. No. American Trading Corp., No. 00 Civ. 2798 DLC, 84256, 2000 WL 1015949 at *6 (S.D.N.Y. July 24, 2000) (holding that requests were "nearly limitless in scope" when requests were not related to the transactions between the parties).

In addition, if the application were granted, BGC will be required to disclose highly confidential information about dozens of customers who BGC has no reason to believe have a connection to the UK proceeding. (Malaska Dec. at ¶5.) Although there was not enough information on the record to address the issue, the Supreme Court noted in Intel that there was a possibility that a district court's controls on discovery may be ineffective to prevent the disclosure of an entity's confidential information. Intel, 542 U.S. at 266. That is clearly a concern here, where the information sought, through trade tickets and confirmations, includes customers' names, volumes of trades, and prices paid for the trades, among other information. Given the serious concerns involving undue burden and the intrusiveness nature of the requests, the fourth factor weighs in favor of BGC. Therefore, the application should be denied.

IV. **CONCLUSION**

For the foregoing reasons, BGC Financial, L.P. respectfully requests that this Court deny the application of Otkritie, or limit it to no more than the U.S. records within the equivalent scope of the English High Court Order, and grant for BGC any further relief this Court deems just and proper.

                                                    Respectfully submitted,
                                                    BGC FINANCIAL, L.P.

                                                    By: /s/ Kimberlee Malaska
                                                    KIMBERLEE MALASKA (KM1312)
                                                    MICHAEL A. LAMPERT
                                                    One Seaport Plaza, 199 Water Street
                                                    New York, New York 10038
                                                    (212) 610-3641

                                                    *Attorneys for Respondents BGC Financial L.P.*

Dated: December 14, 2012